IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23–cv–03291–PAB–MDB

KERI LYNN VIEGAS, the individual, and
JAMES VIEGAS, the individual,

    Plaintiffs,

v.

THOMAS K. KANE,
CHUCK BROERMAN,
SCOTT D. TOEBBEN,
ARICYN DALL,
MATRIX FINANCIAL SERVICES CORPORATION,
ROUNDPOINT MORTGAGE SERVICING LLC, and
MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC. a/k/a "MERS",

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Maritza Dominguez Braswell**

    This matter is before the Court on Defendants Matrix Financial Services Corporation ["Matrix"], Roundpoint Mortgage Servicing, LLC, and Mortgage Electronic Registration Systems, Inc.'s (collectively, the "Lender Defendants") Motion to Dismiss Complaint (Doc. No. 9), the Motion to Dismiss Defendants Scott. D. Toebben and Aricyn Dall (Doc. No. 18), Defendant Broerman's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) (Doc. No. 27), and Defendant Judge Kane's Motion to Dismiss (Doc. No. 32). (collectively the "Motions") Plaintiffs filed responses to each (Doc. Nos. 12; 26; 29; 33), and Defendants have replied (Doc. Nos. 17; 31; 35; 36). After reviewing the Motions, briefing, and relevant law, the Court

respectfully **RECOMMENDS** that the Motions be **GRANTED** and all claims dismissed. The Court further **RECOMMENDS** that the Lender Defendants' request for attorneys' fees be **DENIED**.

## SUMMARY FOR *PRO SE* PLAINTIFFS

The Court is recommending dismissal of all claims. The criminal statutes you cite do not give rise to civil liability and any claims based on those statutes necessarily fail. Additionally, because the Complaint does not plausibly allege that the Lender Defendants, Defendant Dall, and Defendant Toebben were acting under the color of state law as required under 42 U.S.C. § 1983, those claims must be dismissed. Your claims against Defendant Broerman should also be dismissed because they are not supported by sufficient factual allegations. Similarly, your disclosure claim under 15 U.S.C. § 1641(g) lacks sufficient factual allegations. The claims against Defendant Judge Kane should also be dismissed because he is entitled to immunity. And finally, the Court recommends that the Lender Defendants' request for attorneys' fees be denied without prejudice, which means they will have an opportunity to file a separate motion for fees, so long as the presiding judge agrees with this Recommendation. This is only a high-level summary of the Court's Recommendation, which is set forth below, along with information about your right to object to this decision.

## STATEMENT OF THE CASE

I.  **Plaintiffs' Allegations and Claims**[1]

---

[1] Plaintiffs' Complaint contains few understandable factual allegations about the events giving rise to their claims. (*See generally* Doc. No. 1.) However, Plaintiffs appear *pro se* and are thus entitled to a liberal reading of their pleadings. Accordingly, the Court takes extra care in its attempt to understand and synthesize Plaintiffs' allegations and claims. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a *pro se* complaint "to less stringent

This suit arises out of foreclosure proceedings initiated by Defendant Matrix against Plaintiffs in El Paso County Court. (Doc. No. 1 at 4–5; *see generally* Doc. Nos. 9; 18; 27; 32.) According to Plaintiffs, the foreclosure proceedings began in March 2022. (Doc. No. 1 at 5.) Plaintiffs allege, "[w]ith this came phone calls, letters, [and] emails by strangers harassing plaintiffs about [the property in question.]" (*Id.*) Further, "[p]osting private information in the local newspaper led to more mental anguish and violation of the plaintiffs' civil rights. (*Id.*) Plaintiffs contend the foreclosure action was premised on "unjust cause." (*Id.*) Plaintiffs contend Defendants "colluded" in effectuating the foreclosure.

As to each Defendant, Plaintiffs allege the following:

- The Lender Defendants "provided falsified documents and never had any contract with plaintiffs." Further, the Lender Defendants "had no claim to file a foreclosure action." (*Id.*)

- Defendants Toebben and Dall[2] "filed a notice of election based on fraudulent documents .... ignored facts regarding fraudulent claims[,] and pursued and unlawful foreclosure without proper validation of claim." Additionally, Defendants Toebben and Dall "filed on the court record information regarding a witness not related to any contract for this private land patented freehold property." (*Id.*)

- Defendant Broerman[3] "was notified of falsified documents, placed personal information in the public, and ignored the oath of office. (*Id.*)

---

standards than formal pleadings drafted by lawyers"); *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) ("A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff.").

[2] Defendants Toebben and Dall are attorneys and employees of the law firm of Randall S. Miller & Associates, P.C.-CO, the firm which represented Defendant Matrix in the foreclosure action.

[3] Defendant Broerman is the El Paso County Treasurer. (Doc. No. 27 at 2.)

3

- Defendant Judge Kane[4] "violated civil rights in the court record and violated the oath of office" by signing a fraudulent order saying "there was no response [from Plaintiffs] when in fact there was a response filed in the court. Further, Defendant Judge Kane "violated fiduciary duties relating to plaintiffs in an unconsented [Rule 120 foreclosure] hearing scheduled for August 31, 2023 and ignored data provided to the court regarding fraud in the inducement and patent infringement. (*Id.*)

Plaintiffs claim each Defendant violated 18 U.S.C. § 241, 18 U.S.C. § 242. They also bring Fourth and Fifth Amendment claims against all Defendants under 42 U.S.C. § 1983. (*Id.* at 4–5.) Plaintiffs further contend the Lender Defendants violated 18 U.S.C. § 474, 18 U.S.C. § 1341, 18 U.S.C. § 1021, and 15 U.S.C. § 1641(g), and seek an order directing the Lender Defendants to "return all monies from the security instrument, extinguish the Deed of Trust from the property, and a Quiet Title shall be provided." (*Id.* at 5, 6.)

## II. Defendants' Motions

Each Defendant moves to dismiss all claims against them, arguing as follows:

- The Lender Defendants argue the Complaint is insufficient under Federal Rules of Civil Procedure 8 and 9(b). (Doc. No. 9 at 8–10.) They further argue Plaintiffs fail to state a claim under Federal Rule of Civil Procedure 12(b)(6). (*Id.* at 10–13.) The Lender Defendants also seek attorneys' fees and costs in connection with defending against this action. (*Id.* at 13–15.)

- Defendants Toebben and Dall argue Plaintiffs fail to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 18 at 4–8.)

- Defendant Broerman argues Plaintiffs fail to state a claim under Federal Rule of Civil Procedure 12(b)(6) and that he's entitled to qualified immunity. (Doc. No. 27 at 3–6.)

- Defendant Judge Kane argues the Plaintiffs' claims are barred by the Eleventh Amendment and the *Rooker-Feldman* doctrine. (Doc. No. 32 at 2–5.) He alternatively argues Plaintiffs fail to state a claim under Federal Rule of Civil Procedure 12(b)(6). (*Id.* at 5–11.)

---

[4] Defendant Judge Kane is a Colorado District Court Judge in the Fourth Judicial District who "presided over part of Plaintiffs' state court case." (Doc. No. 32 at 1.)

4

## LEGAL STANDARD

### I. Federal Rule of Civil Procedure 12(b)(1)

Federal courts are courts of limited jurisdiction and, as such, "are duty bound to examine facts and law in every lawsuit before them to ensure that they possess subject matter jurisdiction." *The Wilderness Soc. v. Kane Cty., Utah*, 632 F.3d 1162, 1179 n.3 (10th Cir. 2011) (Gorsuch, J., concurring). Indeed, courts have an independent obligation to determine whether subject matter jurisdiction exists, *Cellport Sys., Inc. v. Peiker Acustic GMBH & Co. KG*, 762 F.3d 1016, 1029 (10th Cir. 2014), even in the absence of a challenge from any party, *1mage Software, Inc. v. Reynolds & Reynolds, Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006). Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may bring either a facial or factual attack on subject matter jurisdiction, and a court must dismiss a complaint if it lacks subject matter jurisdiction. *See Pueblo of Jemez v. United States*, 790 F.3d 1143, 1147 n.4 (10th Cir. 2015). For a facial attack the court takes the allegations in the Complaint as true; for a factual attack the court may not presume the truthfulness of the Complaint's factual allegations and may consider affidavits or other documents to resolve jurisdictional facts. *Rural Water Dist. No. 2 v. City of Glenpool*, 698 F.3d 1270, 1272 n.1 (10th Cir. 2012) (citing Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995)). The burden of establishing jurisdiction rests with the party asserting jurisdiction. *See Kline v. Biles*, 861 F.3d 1177, 1180 (10th Cir. 2017).

### II. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the

5

parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a Rule 12(b)(6) motion to dismiss, means that the plaintiff pleaded facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," *i.e.,* those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id*. at 679–81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, the claim survives the motion to dismiss. *Id*. at 679.

**III.** *Pro Se* **Plaintiffs**

Plaintiffs are proceeding *pro se*. The court, therefore, "review[s] [their] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines*, 404 U.S. at 520–21 (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory

6

allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (stating that a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiffs' *pro se* status does not entitle them to an application of different rules. *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## ANALYSIS

**I.      Civil Claims Brought Under Criminal Statutes**

Plaintiffs purport to bring civil damages claims under various federal criminal statutes. As noted above, Plaintiffs contend each Defendant violated 18 U.S.C. § 241 and 18 U.S.C. § 242, and that the Lender Defendants violated 18 U.S.C. § 474, 18 U.S.C. § 1341, and 18 U.S.C. § 1021. *See supra* at 4. However, these federal criminal statutes do not create private rights of action nor are they enforceable by civil suit. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); ([C]riminal statutes ... do not provide for a private right of action and are thus not enforceable through a civil action."); *see also Perer v. McCollum*, 2022 WL 17404257, at *2 (D. Colo. Dec. 2, 2022) (noting that 18 U.S.C. § 241 and § 242 do not create civil causes of action); *Tunne v.*

*Discover Fin. Servs., Inc.*, 2024 WL 2960564, at *4–5 (S.D.N.Y. May 13, 2024) (noting that 18 U.S.C. § 474 and § 1341 do not create civil causes of action); *Horn v. Adkinson*, No. 2024 WL 2835485, at n.7 (N.D. Fla. Jan. 12, 2024) (noting that 18 U.S.C. § 1021 does not create a civil cause of action). "As such, Plaintiff[s] cannot recover civil damages for an alleged violation of a criminal statute." *Rojas v. Meinster*, 2019 WL 8331476, at *4 (D. Colo. July 2, 2019). Accordingly, the Court recommends these claims be dismissed.

## II.     Plaintiffs' TILA Claim

Plaintiffs also bring a statutory claim under 15 U.S.C. § 1641(g), a provision of the Truth in Lending Act ("TILA") against the Lender Defendants. Section 1641(g) requires certain disclosures to be made by a creditor or assignee no later than 30 days after a loan is sold, transferred, or otherwise assigned. Unlike Plaintiffs' criminal law claims, the TILA provides for a private right of action in certain circumstances. *See Ramadan v. Chase Manhattan Corp.*, 156 F.3d 499, 500 (3d Cir. 1998) ("[The Truth in Lending Act] requires lenders to make certain disclosures to borrowers and gives borrowers a civil cause of action against creditors who violate these disclosure provisions."). However, outside of the conclusory and unexplained statement that the Lender Defendants provided "falsified documents and never had contact with plaintiffs" (Doc. No. 1 at 5), the Complaint is devoid of any details describing how the Lender Defendants violated the TILA. Accordingly, Plaintiffs have failed to state a claim under Section 1641(g), and the Court recommends the claim be dismissed. *Iqbal*, 556 U.S. at 678 (stating that a court must dismiss a complaint which "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" (citation omitted)).

## III.    Plaintiffs' Constitutional Claims

All that remains are Plaintiffs' constitutional claims for alleged violations of their Fourth and Fifth Amendment rights brought pursuant to 42 U.S.C. § 1983. To state a claim under section 1983, Plaintiff must allege deprivation of a right secured by the Constitution or laws of the United States and that the deprivation was committed "under color of state law." *See Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1143 (10th Cir. 2014) (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999) )

The Court will analyze Plaintiffs' constitutional claims in the context of each set of Defendants.

### A. The Lender Defendants

Section 1983 establishes liability based on the actions of the government and its agents. *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1446–47 (10th Cir. 1995). To support the assertion that private entities, such as the Lender Defendants, operate as state actors, the conduct at issue must be "fairly attributable to the state." *Id.* at 1447. In order for conduct to be "fairly attributable to the state,"

> [f]irst, the "deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the state is responsible." Second, the private party must have "acted together with or...obtained significant aid from state officials or engaged in conduct 'otherwise attributable to the State.'"

*Pino v. Higgs*, 75 F.3d 1461, 1465 (10th Cir.1996) (citations omitted). Generally, private parties are not state actors, as "private conduct that is not fairly attributable to the State is simply not actionable under § 1983, however discriminatory or wrongful the conduct is." *Jojola v. Chavez*, 55 F.3d 488, 492 (10th Cir. 1995) (citations and internal quotation marks omitted). However, "[w]here a private party conspires with state officials to deprive others of constitutional

9

rights…the private party is acting under color of state law. *McDonald v. Citibank N.A.*, 2021 WL 5736437, at *7 (D. Colo. Dec. 2, 2021) (citing *Tower v. Glover*, 467 U.S. 914, 920 (1984); *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980)).

The Complaint does not specifically allege *how* the Lender Defendants violated Plaintiffs' Fourth and Fifth Amendment rights, let along how their actions could be attributable to the state. At best, Plaintiffs broadly contend the Lender Defendants' actions in connection with the foreclosure proceeding constituted a constitutional violation. (*See* Doc. No. 1 at 4–5.) But a private actor does not subject itself to a section 1983 claim "simply by availing [itself] of a state procedure." *Scott v. Hern*, 216 F.3d 897, 906 (10th Cir. 2000); *see also Ramsey v. Citibank, N.A.*, No. 10– cv–02653–WYD–CBS, 2011 WL 4485918, at *5 (D. Colo. Sep. 28, 2011) (adopting recommendation of magistrate judge that bank who invoked Rule 120 foreclosure proceedings was not state actor under § 1983); *Sullivan*, 526 U.S. at 52 (holding that when a private party files a form with a state agency or state official and such agency official processes the form for technical compliance, the private party is not transformed into a state actor). Moreover, though Plaintiffs make the conclusory allegation that "Defendants colluded" to effectuate the foreclosure proceedings, they fail to offer any supporting allegations or details tending to suggest the Lender Defendants "conspire[d] with state officials to deprive [Plaintiffs] of constitutional rights." *McDonald*, 2021 WL 5736437, at *7. Accordingly, even construed in the light most favorable to Plaintiffs, the Complaint fails to plausibly allege the Lender Defendants were acting under the color of state law, and the Court recommends these claims be dismissed.

B. **Defendants Toebben and Dall**

Defendants Toebben and Dall are attorneys and employees of Randall S. Miller & Associates, P.C.-CO, the firm representing one of the Lender Defendants, Defendant Matrix, during the foreclosure proceedings. Plaintiff's section 1983 claims against Defendants Toebben and Dall fail for the same reason they fail against the Lender Defendants: the Complaint fails to establish Defendants Toebben and Dall were operating under the color of state law during the foreclosure proceedings. The Court recommends these claims be dismissed.

### C. Defendant Boreman

Defendant Boreman was the El Paso County Treasurer during the period in question and was thus acting under the color of state law, but Plaintiffs' sparse and conclusory allegations against him fail to plausibly establish a Fourth or Fifth Amendment claim.

Plaintiffs' constitutional claims against Defendant Boreman appear to be based on the allegations that he "was notified of falsified documents, placed personal information in the public, and ignored the oath of office," and that he "colluded" with his fellow Defendants in effectuating the foreclosure. (Doc. No. 1 at 4–5.) The Court sees no basis for a Fourth Amendment search and seizure claim in those allegations. *Cf. Driskell v. Thompson*, 971 F. Supp. 2d 1050, 1070 (D. Colo. 2013) (finding the same in connection with a case that was also related to an underlying foreclosure proceeding). Moreover, to the extent Plaintiffs contend Defendant Boreman violated their Fifth Amendment due process rights in connection with the foreclosure proceedings, the Complaint's one-sentence allegation and conclusory claim of "collu[sion]" is insufficient. Accordingly, the Court recommends the claims against Defendant Boreman be dismissed. *Iqbal*, 556 U.S. at 678 (stating that a court must dismiss a complaint which "tenders' naked assertion[s]' devoid of 'further factual enhancement'" (citation omitted)).

D.  **Defendant Judge Kane**

Finally, Plaintiffs contend Defendant Judge Kane violated their constitutional rights in connection with his conduct and decision-making regarding the Rule 120 foreclosure proceedings. (Doc. No. 1 at 5.) Plaintiffs seek monetary damages.

*Official Capacity Claims*

Defendant Judge Kane argues he is immune from the official capacity claims brought against him under the Eleventh Amendment. The Eleventh Amendment to the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. This immunity extends to suits by citizens against their own state or its agencies in federal court. *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995). "Only a state or 'arms' of a state may assert the Eleventh Amendment as a defense to suit in federal court." *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1232 (10th Cir. 1999). For claims brought pursuant to § 1983, a claim against a state official sued in her official capacity "is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Thus, the Eleventh Amendment bars suits against state officials sued in their official capacities for monetary damages pursuant to § 1983. *See Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 (10th Cir. 2010) (saying "§ 1983 does not abrogate a state's sovereign immunity"). "This bar does not apply, however, if the state waives its sovereign immunity, if Congress validly abrogates the state's immunity, or if the suit falls within the legal fiction of *Ex*

parte Young." *Strepka v. Miller*, 28 F. App'x 823, 828 (10th Cir. 2001) (citing *Harris v. Owens*, 264 F.3d 1282, 1289–90 (10th Cir. 2001)).

It is well established that official capacity claims against a Colorado state court judge are "claims against the State of Colorado." *Strepka*, 28 F. App'x at 828. Here, Plaintiffs' official capacity claims against Defendant Judge Kane are barred by the Eleventh Amendment, absent some showing of a waiver, abrogation, or application of *Ex Parte Young*. But Plaintiffs have not identified any waiver of immunity by Colorado nor any abrogation of immunity by Congress—indeed, because one does not exist. *See id.*; *Pittman v. Cardenas*, 2023 WL 4623027, at *2 (D. Colo. May 8, 2023), *report and recommendation adopted*, 2023 WL 4623028 (D. Colo. June 7, 2023) ("The State of Colorado is immune from a § 1983 suit for monetary or retrospective declaratory relief pursuant to the Eleventh Amendment, absent a waiver by the State. The State of Colorado has not waived its Eleventh Amendment immunity and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity." (internal citations omitted) (citing *Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988); *Quern v. Jordan*, 440 U.S. 332, 340-345 (1979)). Further, the doctrine of *Ex Parte Young* does not save Plaintiffs' claims. *Ex Parte Young* applies to claims "seek[ing] prospective relief for the official['s] ongoing violation of federal law," but not to claims for money damages "seek[ing] to redress past wrongs," such as Plaintiffs' claims here. *ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1189 (10th Cir.1998), *overruled on other grounds by Hill v. Kemp*, 478 F.3d 1236 (10th Cir. 2007). Accordingly, Plaintiffs' claims against Defendant Judge Kane are barred by the Eleventh Amendment, and the Court recommends dismissal for lack of subject matter jurisdiction.

*Individual Capacity Claims*

Additionally, to the extent Plaintiffs sue Judge Kane in his individual capacity, he is also immune. Federal courts "have proceeded on the assumption that common-law principles of legislative and judicial immunity were incorporated into our judicial system and that they should not be abrogated absent clear legislative intent to do so." *Pulliam v. Allen,* 466 U.S. 522, 529 (1984). Thus, judicial immunity extends to claims of violations of constitutional rights under 42 U.S.C. § 1983, *Stump v. Sparkman,* 435 U.S. 349, 356 (1978) A judge will lose absolute immunity from a suit for damages only for (1) "nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity" or (2) judicial actions "taken in the complete absence of all jurisdiction." *Mireles v. Waco,* 502 U.S. 9, 11–12 (1991). "The factor determining whether an act by a judge is a 'judicial' one relates to the nature of the act itself, *i.e.,* whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.,* whether they deal with the judge in his judicial capacity." *Stump,* 435 U.S. at 362. "It is well established that '[a]bsolute immunity bars suits for money damages for acts made in the exercise of ... judicial discretion.'" *Andrews v. Heaton,* 483 F.3d 1070, 1076 (10th Cir.2007) (quoting *Guttman v. Khalsa,* 446 F.3d 1027, 1033 (10th Cir. 2006)).

A review of Plaintiffs' Complaint reveals that all of the allegations against Defendant Judge Kane arise out of his official duties in handling the foreclosure action and authorizing the sale of Plaintiffs' property, which constitute judicial acts that are normally performed by a judge acting in his judicial capacity. *See Brackhahn v. Eder*, 2013 WL 2394980, at *5 (D. Colo. May 31, 2013). Moreover, Plaintiffs do not allege that any of Defendant Kane's actions were taken in the complete absence of all jurisdiction. Thus, to the extent Plaintiffs sought to bring individual

14

capacity claims against Defendant Judge Kane, he is entitled to absolute judicial immunity and those claims should be dismissed as well.[5]

## IV.     The Lender Defendants' Request for Attorneys' Fees and Costs

In their Motion, the Lender Defendants seek an order directing Plaintiffs to reimburse their attorneys' fees and costs for this "frivolous" and "groundless" action. (Doc. No. 9 at 13–15.) In support of their argument, the Lender Defendants point to the fee-shifting provisions in the Deed of Trust and Colorado law. (*Id.*)

D.C.COLO.LCivR 54.3 requires a party seeking attorneys' fees to file "a motion for attorney fees" that is "supported by affidavit." Moreover, the motion should include "a summary of relevant qualifications and experience" and "a detailed description of the services rendered, the amount of time spent, the hourly rate charged, and the total amount claimed." D.C.COLO.LCivR 54.3.

The Lender Defendants' request fails to satisfy the requirements of the local rule. First, the fee request was not filed as a separate motion, but as a section within the Lender Defendants' Motion to Dismiss. Second, and assuming the Lender Defendants' request can be construed as a motion, it fails to provide the requisite "summary of relevant qualifications and experience" and "a detailed description of the services rendered, the amount of time spent, the hourly rate

---

[5] The Court also finds, as Defendant Judge Kane argues, that to the extent Plaintiffs Fourth and Fifth Amendment claims seek to simply undo Defendant Judge Kane's order, and thus, undue the foreclosure proceeding, their claims are barred by the *Rooker-Feldman* doctrine. *See Bruce v. City & Cnty. of Denver*, 57 F.4th 738, 746 (10th Cir. 2023) ("The Rooker-Feldman doctrine recognizes a jurisdictional bar on lower federal courts' review of claims where (1) the plaintiff lost in state court, (2) the state court judgment caused the plaintiff's injuries, (3) the state court rendered judgment before the plaintiff filed the federal claim, and (4) the plaintiff is asking the district court to review and reject the state court judgment.").

charged, and the total amount claimed." Third, the Lender Defendants have not filed an affidavit supporting the request.

Accordingly, the Court recommends denying the Lender Defendants' request for attorneys' fees, without prejudice.

## CONCLUSION

For the foregoing reasons the Court **RECOMMENDS** that the Motions be **GRANTED** as follows:

- Plaintiffs' constitutional claims against Defendant Judge Kane be dismissed without prejudice. *See Colby v. Herrick*, 849 F.3d 1273, 1278 (10th Cir. 2017) ("Because Eleventh Amendment immunity is jurisdictional, this dismissal should ... [be] without prejudice.").

- All other claims be dismissed with prejudice.[6]

The Court further **RECOMMENDS** that the Lender Defendants request for attorneys' fees be denied without prejudice.

---

[6] Though the Court would ordinarily recommend the dismissal of certain of these claims without prejudice, Plaintiffs have caused Defendants and the court significant time and resources on what appear to be entirely meritless claims about a foreclosure action that has long been resolved in state court. *See Avery v. Wade*, 2022 WL 17544077, at *2 (10th Cir. Dec. 9, 2022) (finding that the district court "didn't abuse its discretion in dismissing [the plaintiff's] claims with prejudice" because he raised "indisputably meritless legal theor[ies]." (quoting *Northington v. Jackson*, 973 F.2d 1518, 1520 (10th Cir. 1992)).

**ADVISEMENT TO THE PARTIES**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal

the magistrate judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 23rd day of August, 2024.

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge