IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-03291-PAB-MDB

KERI LYNN VIEGAS, the individual, and
JAMES VIEGAS, the individual,

      Plaintiffs,

v.

THOMAS K. KANE,
CHUCK BROERMAN,
SCOTT D. TOEBBEN,
ARICYN DALL,
MATRIX FINANCIAL SERVICES CORPORATION,
ROUNDPOINT MORTGAGE SERVICING LLC, and
MORTGAGE ELECTRONIC REGISTRATION SYSTEM, a/k/a "MERS,"

      Defendants.

_____

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**
_____

This matter is before the Court on the Recommendation of United States

Magistrate Judge [Docket No. 38].  The Court has jurisdiction pursuant to 28 U.S.C.

§ 1331.

## I.  BACKGROUND

The facts are set forth in the magistrate judge's recommendation, Docket No. 38

at 2-4, and the Court adopts them for purposes of ruling on the objections.  To the

extent that plaintiffs Keri Lynn Viegas and James Viegas (collectively, the "plaintiffs")

dispute how the magistrate judge construed certain facts, the Court considers and

resolves those arguments below.

On December 14, 2023, plaintiffs filed this case against Judge Thomas K. Kane, El Paso County Treasurer Chuck Broerman, Scott D. Toebben, Aricyn Dall, Matrix Financial Services Corporation ("Matrix"), Roundpoint Mortgage Servicing LLC ("Roundpoint"), and Mortgage Electronic Registration Systems ("MERS").  Docket No. 1. Plaintiffs assert claims under the Fourth and Fifth Amendments of the U.S. Constitution against all defendants pursuant to 42 U.S.C. § 1983.  *Id*. at 4-5.  Plaintiffs claim that all defendants violated 18 U.S.C. §§ 241 and 242.  *Id*. at 5.  Furthermore, plaintiffs claim that Matrix, Roundpoint, and MERS violated 15 U.S.C. § 1641(g) and 18 U.S.C. §§ 474, 1341, and 1021, and request that those defendants "return all monies from the security instrument, extinguish the Deed of Trust from the property, [and provide] a Quiet Title." *Id*. at 5-6.  Plaintiffs seek $28 million in damages from defendants.  *Id*. at 6.

On January 8, 2024, Matrix, Roundpoint, and MERS filed a motion to dismiss pursuant to Fed. R. Civ. P. 8(a), 9(b), and 12(b)(6).  Docket No. 9.[1]  On January 26, 2024, Mr. Toebben and Ms. Dall filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Docket No. 18.  On February 13, 2024, Mr. Broerman filed a motion to dismiss pursuant to Fed. R. Civ. 12(b)(6), asserting that he is entitled to qualified immunity. Docket No. 27.  On February 21, 2024, Judge Kane filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), asserting that he is entitled to absolute immunity and that plaintiffs' claims are barred by the Eleventh Amendment and the *Rooker-Feldman* doctrine.  Docket No. 32.  Plaintiffs filed responses to the motions. Docket Nos. 12, 20, 26, 29, 33.  Defendants filed replies.  Docket Nos. 17, 31, 35, 36.

---

[1] In their motion, Matrix, Roundpoint, and MERS request an award of attorneys' fees because plaintiffs' complaint is "frivolous."  Docket No. 9 at 13-15.

On August 23, 2024, Magistrate Judge Maritza Dominguez Braswell issued a recommendation to grant the motions to dismiss. Docket No. 38. Judge Dominguez Braswell recommends dismissing any claims brought under 18 U.S.C. §§ 241, 242, 474, 1021, and 1341 because those federal criminal statutes do not create private rights of action. *Id.* at 7-8 (collecting cases). Furthermore, Judge Dominguez Braswell recommends dismissing plaintiffs' claim under 15 U.S.C. § 1641(g) against Matrix, Roundpoint, and MERS because the complaint contains no allegations suggesting how the defendants violated that statute. *Id.* at 8.

Regarding plaintiffs' constitutional claims, the magistrate judge recommends dismissing the Fourth and Fifth Amendment claims against all defendants. *Id.* at 9-15. Judge Dominguez Braswell found that the complaint fails to plausibly allege that Matrix, Roundpoint, MERS, Mr. Toebben, or Ms. Dall were acting under "color of state law" during the foreclosure proceedings. *Id.* at 9-11. Furthermore, Judge Dominguez Braswell found that the complaint's "sparse and conclusory allegations" against Mr. Broerman, the El Paso County Treasurer, were insufficient to state a Fourth or Fifth Amendment claim against him. *Id.* at 11. Finally, the magistrate judge concluded that the official capacity claims brought against Judge Kane were barred under the Eleventh Amendment. *Id.* at 12-13. To the extent that plaintiffs assert any claims against Judge Kane in his individual capacity, the magistrate judge found that Judge Kane is entitled to absolute immunity for those claims. *Id.* at 14-15.[2]

---

[2] Moreover, to the extent that plaintiffs' Fourth or Fifth Amendment claims seek to "simply undo" Judge Kane's order in the foreclosure proceedings, Judge Dominguez Braswell concluded that the *Rooker-Feldman* doctrine, *see Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983), would bar those claims. Docket No. 38 at 15 n.5.

Judge Dominguez Braswell recommends dismissing the constitutional claims against Judge Kane without prejudice and recommends dismissing all other claims against the other defendants with prejudice.  *Id*. at 16.  Additionally, Judge Dominguez Braswell recommends denying Matrix, Roundpoint, and MERS' request for attorneys' fees without prejudice for failure to comply with D.C.COLO.LCivR 54.3.  *Id*. at 15-16.  The recommendation states that any objections must be filed within fourteen days after service on the parties.  *Id*. at 17.  Plaintiffs filed a timely objection on August 30, 2024.  Docket No. 41.

## II.  LEGAL STANDARD

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection is "proper" if it is both timely and specific.  *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) ("*One Parcel*").  A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *Id*.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").  The Court therefore reviews the non-objected to portions of a recommendation to confirm there is "no clear error on the face of the record."  Fed. R. Civ. P. 72(b), Advisory Committee Notes.  This standard of review is something less

than a "clearly erroneous" or "contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).  Because plaintiffs are proceeding pro se, the Court will construe their objections and pleadings liberally without serving as their advocate.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III. ANALYSIS

The Court construes plaintiffs' filing as raising nine objections.  *See* Docket No. 41 at 2-15.

### A. Objection One

Plaintiffs' first objection appears to argue that Judge Dominguez Braswell has demonstrated bias against plaintiffs.  Plaintiffs assert that Judge Dominguez Braswell is engaging in judicial "activism" from the bench, uses "prosecutor type descriptions" in the recommendation, "display[s] a continued practice of disregard for the Constitution," and is violating plaintiffs' due process rights by recommending dismissal of this case.  *Id*. at 6-7, 10.  Plaintiffs also contend that Judge Dominguez Braswell is "masquerading as a Magistrate Judge" and is not "in good behavior."  *Id*. at 14.  The Court construes this objection as requesting the recusal of Judge Dominguez Braswell.

As the Court has previously explained in this case,

Under 28 U.S.C. § 455(a), a federal judge is required to recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  "Section 455 establishes 'an objective standard: disqualification is appropriate only where the reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality.'"  *United States v. Mobley*, 971 F.3d 1187, 1205 (10th Cir. 2020) (quoting *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017)).  "In conducting this review, [the court] must ask how these facts would appear to a well informed, thoughtful and objective observer, who is an average member of the public, not a hypersensitive, cynical, and suspicious person."  *Id*. (internal quotations and

> citation omitted).  "Though judges 'have a strong duty to recuse when appropriate,' they also have 'a strong duty to sit,' and § 455 must not be so broadly construed as to make recusal mandated 'upon the merest unsubstantiated suggestion of personal bias or prejudice.'"  *Id*. (quoting *Wells*, 873 F.3d at 1251).  The "statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice."  *Switzer v. Berry*, 198 F.3d 1255, 1258 (10th Cir. 2000) (citation omitted).  The party moving to disqualify a judge has the burden of proof.  *Davis v. U.S. Dep't of Justice*, 2024 WL 3617343, at *3 (10th Cir. Aug. 1, 2024) (collecting cases).
>
> "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Lammle v. Ball Aerospace & Techs. Corp*., 589 F. App'x 846, 849 (10th Cir. 2014) (unpublished) ("Unfavorable judicial rulings and ordinary efforts at courtroom administration are insufficient grounds for recusal.").  Rather, recusal based on a judge's decisions, opinions, or remarks "is necessary when a judge's actions or comments 'reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.'"  *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (quoting *Liteky*, 510 U.S. at 555).  Adverse rulings that do not evidence such favoritism or antagonism "are grounds for appeal, not recusal."  *Id*. (citation omitted).

Docket No. 40 at 2-3.  The recommendation, although adverse to plaintiffs, is insufficient alone to raise a question about Judge Dominguez Braswell's impartiality.  *See Liteky*, 510 U.S. at 555.  Plaintiffs identify no portions of the recommendation that "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible."  *See Nickl*, 427 F.3d at 1298.  Plaintiffs' suggestion that Judge Dominguez Braswell is engaging in judicial "activism" from the bench and is not "in good behavior," *see* Docket No. 41 at 6, 14, are too vague to suggest bias and, even if they so suggest, are merely "unsubstantiated suggestion[s] of personal bias or prejudice."  *See Mobley*, 971 F.3d at 1205.  Plaintiffs provide no facts in support of these arguments.  As a result, the Court overrules plaintiffs' first objection.

B.  **Objection Two**

Plaintiffs' second objection raises several disputes with Judge Dominguez Braswell's factual findings in the background section of the recommendation.  First, plaintiffs argue that the magistrate judge made a "false presumption" in assuming that this case is about a "Foreclosure."  Docket No. 41 at 5.  The Court finds that Judge Dominguez Braswell correctly concluded that this lawsuit "arises out of foreclosure proceedings" in El Paso County Court.  *See* Docket No. 38 at 3.  Plaintiffs' complaint alleges that defendants "colluded to deprive the plaintiffs their due process . . . rights regarding CASE 2023CV31029 in El Paso County[,] Colorado" and "colluded to take [plaintiffs'] private land."  Docket No. 1 at 4.  The complaint describes Case No. 2023CV31029 as a "foreclosure action."  *Id*. at 5.  Moreover, the state court docket in Case No. 2023CV31029 in El Paso County District Court shows that Matrix filed the foreclosure case against plaintiffs under Colo. R. Civ. P. 120 on June 5, 2023.  *See Matrix Fin. Serv. Corp. v. Viegas*, Case No. 2023CV31029.[3]  Accordingly, the Court overrules this portion of the objection.

Next, plaintiffs appear to argue that the magistrate judge incorrectly concluded that "Defendants Toebben and Dall are attorneys and employees of Randall S. Miller & Associates, P.C.-CO, the firm representing . . . Defendant Matrix, during the foreclosure proceedings."  Docket No. 41 at 10.  Plaintiffs argue that Judge Dominguez Braswell

---

[3] The Court takes judicial notice of the state court docket in Case No. 2023CV31029.  *See Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (holding that a court may take judicial notice of facts which are a matter of public record when considering a motion to dismiss); *Stan Lee Media, Inc. v. Walt Disney Co*., 774 F.3d 1292, 1298 n.2 (10th Cir. 2014) (noting that a court may "take judicial notice of documents and docket materials filed in other courts").

"takes statements from the Defendants['] agents and uses them as fact." *Id*. The state court docket in Case No. 2023CV31029 lists Ms. Dall and Mr. Toebben, with the law firm Randall S. Miller & Associates, as the attorneys for Matrix. *See Matrix Fin. Serv. Corp. v. Viegas*, Case No. 2023CV31029. Accordingly, the Court overrules this portion of the objection.

Furthermore, plaintiffs argue that the magistrate judge incorrectly refers to Matrix, Roundpoint, and MERS as the "Lender Defendants." Docket No. 41 at 6. Plaintiffs state that there are no "Lender Defendants" in this case. *Id*. In the recommendation, the magistrate judge uses the phrase "Lender Defendants" to refer "collectively" to Matrix, Roundpoint, and MERS. Docket No. 38 at 1. Plaintiffs do not identify how this label affects the magistrate judge's analysis of any legal issues. Accordingly, the Court overrules this portion of the objection as immaterial.

Finally, plaintiffs object to the portion of the recommendation which contains a summary for the pro se plaintiffs. *See* Docket No. 41 at 11. Plaintiffs argue that this section incorrectly uses the terms "you" and "your," when plaintiffs are "We the People." *Id*. The Court overrules this portion of the objection. The recommendation's summary section contains "a high-level summary of the Court's Recommendation" for pro se litigants. Docket No. 38 at 2. Judge Dominguez Braswell appears to have used the terms "you" and "your" to explain her recommendation to plaintiffs with simple language. *See id*. Plaintiffs cite no authority, and the Court has found no authority, suggesting that a magistrate judge must refer to pro se litigants as "We the People" in a recommendation when the pro se litigants demand that title. Accordingly, the Court overrules plaintiffs' second objection.

C. **Objection Three**

Plaintiffs argue that the "complaint/claim sufficiently provides claims against Defendants relating to violating Constitutional rights afforded by the Constitution and requesting relief and redress for these injuries.  No request was made by the Court to Amend the Complaint/Claim or Show Cause for why the complaint/claim should not be dismissed as of August 23, 2024."  Docket No. 41 at 2.  Plaintiffs assert that a federal complaint form "states only to provide a general 'allegation' when first filing a complaint/claim and not legal pleadings."  *Id*. at 10.  Moreover, plaintiffs argue that Judge Dominguez Braswell "regurgitates case law that doesn't apply."  *Id*. at 15.

Plaintiffs' third objection is not specific because it provides no explanation why the factual and legal conclusions in the recommendation are erroneous.  *See One Parcel*, 73 F.3d at 1059 (discussing how a specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute").  Plaintiffs do not explain how their complaint plausibly alleges each element of the constitutional claims.  Moreover, plaintiffs do not identify any specific case law in the recommendation that is allegedly inapplicable.  Accordingly, plaintiffs' third objection is insufficient.  *See Jones v. United States*, No. 22-cv-02854-PAB-MDB, 2024 WL 358098, at *3 (D. Colo. Jan. 31, 2024) ("Objections disputing the correctness of the magistrate's recommendation, but failing to specify the findings believed to be in error are too general and therefore insufficient." (quoting *Stamtec, Inc. v. Anson*, 296 F. App'x 518, 520 (6th Cir. 2008) (unpublished))); *see also Barnes v. Omnicell*, 2024 WL 2744761, at *4 (10th Cir. May 28, 2024) (affirming district court's conclusion that plaintiff's "objections were not sufficiently specific to focus the district court's attention

on the legal and factual issues because he failed to identify the parts of the recommendation that contained the alleged lies").

To the extent that plaintiffs argue that the magistrate judge should have advised plaintiffs to amend their complaint prior to issuing the recommendation, the Court rejects that argument.  A pro se plaintiff's "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110).  However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."  *Id*. (quoting *Hall*, 935 F.2d at 1110).  For example, the Court should not "construct a legal theory on a plaintiff's behalf."  *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997)).  The motions to dismiss sufficiently informed plaintiffs of the potential deficiencies in the complaint.  Plaintiffs could have filed an amended complaint within 21 days after service of the motions to dismiss pursuant to Fed. R. Civ. P. 15(a)(1)(B); however, plaintiffs chose not to amend their pleading.  Plaintiffs cite no authority, and the Court has found no authority, suggesting that a magistrate judge has a duty to advise pro se plaintiffs to file an amended pleading if the magistrate judge observes legal deficiencies in the complaint.  Accordingly, the Court overrules plaintiffs' third objection.[4]

---

[4] Plaintiffs also state that Judge Dominguez Braswell and defendants "have not responded line by line by Affidavit to any of the Responses/Objections by Affidavits entered into the Court of Record and therefore agree to the Unrebutted Facts stated in those Responses/Objections."  Docket No. 41 at 2 (citing Docket Nos. 12, 26, 29, 33). Plaintiffs argue that the magistrate judge "must accept [their responses] as FACT."  *Id*. Plaintiffs provide no legal authority, and the Court is aware of none, suggesting that a magistrate judge is required to respond "line by line" to every argument raised in a

D. **Objection Four**

Plaintiffs argue that Judge Dominguez Braswell "misapplied [the] law" in

concluding that plaintiffs cannot assert claims under the federal criminal statutes.

Docket No. 41 at 7, 12.  Plaintiffs contend that

> Defendants['] actions using statutes and ordinances to file unenforceable
> documents along with persons acting as judges, clerks, and trustees without due
> process violate Title 18 USC § 242 and together violate Title 18 USC § 241.  We
> the People have the right to bring grievances against any person who violates
> the unalienable rights of We the People using color of law.

*Id*. at 7.  Plaintiffs assert that the cases cited in the recommendation "do not apply to We

the People."  *Id*.  Plaintiffs insist that "We the People can bring suit against any person

who has cause injury to a Court of Record."  *Id*.

The Court finds that Judge Dominguez Braswell correctly concluded that plaintiffs

cannot assert any claims under 18 U.S.C. §§ 241, 242, 474, 1021, and 1341 because

those federal criminal statutes do not create private rights of action.  *See, e.g., Henry v.*

*Albuquerque Police Dep't*, 49 F. App'x 272, 273 (10th Cir. 2002) (unpublished)

(affirming district court's finding that "18 U.S.C. §§ 241 and 242 . . . do not provide for a

private civil cause of action"); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007)

(affirming district court's dismissal of claims alleging violations of 18 U.S.C. §§ 241 and

1341 because those "criminal statutes . . . do not provide for a private right of action and

are thus not enforceable through a civil action"); *Rigler v. Lampert*, 248 F. Supp. 3d

---

response to a motion to dismiss.  *See id*.  To the extent plaintiffs argue that they can
add new factual allegations to their complaint through their responses to the motions to
dismiss, the Court rejects that argument.  *See Abdulina v. Eberl's Temp. Servs., Inc*., 79
F. Supp. 3d 1201, 1206 (D. Colo. 2015) (noting that a plaintiff "cannot amend her
complaint by adding factual allegations in response to Defendant's motion to dismiss"
(citing *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995)).

1224, 1233 (D. Wyo. 2017) (dismissing claims under 18 U.S.C. §§ 241 and 242 because those federal criminal statutes "do not provide for a private civil cause of action"); *Willis v. Green Tree Servicing, LLC*, 2015 WL 5139307, at *6 n.7 (E.D. Mich. Sept. 1, 2015) (noting that 18 U.S.C. § 474 "explicitly prohibits criminal conduct and does not provide [an individual] with a private right of action"); *Blackmore v. World Sav. Bank, F.S.B.*, 2015 WL 1002823, at *5 (D. Utah Mar. 5, 2015) (dismissing claim under 18 U.S.C. § 1021 because "the statute does not create a private right of action"); *Saul v. U.S. Bank Nat'l Ass'n*, 2024 WL 2804055, at *9 (D.N.M. May 31, 2024) (collecting cases holding that "18 U.S.C. § 1341 does not create an implied private cause of action").

The Court rejects plaintiffs' argument that they can assert claims under the federal criminal statutes because plaintiffs are acting on behalf of "We the People."  *See* Docket No. 41 at 7.  "[I]t is well-settled that a private citizen does not have a constitutional right to bring a criminal complaint against another individual."  *Maehr v. United States*, No. 18-cv-02273-PAB-NRN, 2019 WL 3940931, at *1 (D. Colo. Aug. 21, 2019) (quoting *Price v. Hasly*, 2004 WL 1305744, at *2 (W.D.N.Y. June 8, 2004) (citing *Leeke v. Timmerman*, 454 U.S. 83 (1981))); *see also Keyter v. 535 Members of 110th Cong.*, 277 F. App'x 825, 827 (10th Cir. 2008) (unpublished) ("a private citizen[ ] has no standing to initiate federal criminal prosecutions").  The "United States and its attorneys have the sole power to prosecute criminal cases in the federal courts."  *Bellinsky v. Galan*, No. 23-cv-03163-PAB-STV, 2024 WL 1330076, at *3 (D. Colo. Mar. 28, 2024) (quoting *Maine v. Taylor*, 477 U.S. 131, 136 (1986)).  As a result, the Court overrules plaintiffs' fourth objection.

### E.  Objection Five

Plaintiffs argue that the magistrate judge erred in analyzing plaintiffs' "constitutional claims in the context of each set of Defendants."  Docket No. 41 at 6 (quoting Docket No. 38 at 9).  Plaintiffs contend that

> [t]his analysis is flawed, and it misrepresents the Plaintiffs' claims.  The Defendants acted together from filing unlawful and unenforceable documents, listing personal information online and in the newspaper, to weaponizing an unlawful nonjudicial procedure in order to seize property without due process thus violating the 4th, 5th and 7th Amendments causing monetary injury, distress and mental anguish.

*Id*.

The Court finds no error in the magistrate judge's decision to "analyze Plaintiffs' constitutional claims in the context of each set of Defendants."  *See* Docket No. 38 at 9. As an initial matter, the defendants raised different challenges to plaintiffs' complaint. Although all defendants argued that the complaint failed to state a claim under Fed. R. Civ. P. 12(b)(6), Mr. Broerman invoked qualified immunity and Judge Kane invoked absolute immunity and Eleventh Amendment immunity.  *Id*. at 4.  The qualified immunity, absolute immunity, and Eleventh Amendment immunity defenses do not apply to the other defendants.  Moreover, the Tenth Circuit has "stressed the need for careful attention to particulars, especially in [section 1983] lawsuits involving multiple defendants."  *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013).  To state a viable § 1983 claim, a complaint must "identify *specific* actions taken by *particular* defendants." *Id*. at 1226.  "It is particularly important that plaintiffs make clear exactly *who* is alleged to have done *what to whom*, as distinguished from collective allegations."  *Id*. at 1225 (internal alterations, citation, and quotations omitted).  "When various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice

showing that his rights 'were violated' will not suffice.  Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that 'defendants' infringed his rights." *Id.* at 1225-26 (citations omitted).  The Court therefore finds no error in the magistrate judge's decision to analyze the constitutional claims separately with respect to each set of defendants.  Accordingly, the Court overrules the fifth objection.

### F.  Objection Six

Plaintiffs appear to challenge the recommendation's finding on the color of state law requirement for the constitutional claims.  *See* Docket No. 41 at 8-9.  Judge Dominguez Braswell found that the complaint fails to plausibly allege that Matrix, Roundpoint, MERS, Mr. Toebben, or Ms. Dall were acting under "color of state law" for the Fourth and Fifth Amendment claims.  Docket No. 38 at 9-11.  The magistrate judge found that plaintiffs' allegation that the defendants "colluded" to effectuate the foreclosure proceedings was conclusory and therefore insufficient to establish the state action requirement.  *Id.* at 10.  To the extent plaintiffs argue that these defendants acted under color of state law by initiating the foreclosure action, Judge Dominguez Braswell rejected that argument because "a private actor does not subject itself to a section 1983 claim 'simply by availing [itself] of a state procedure.'"  *Id.* (citing *Scott v. Hern*, 216 F.3d 897, 906 (10th Cir. 2000)).

Plaintiffs argue that a private actor may be considered a state actor if the "state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights."  Docket No. 41 at 9 (quoting *Wittner v. Banner Health*, 720 F.3d 770, 777 (10th Cir. 2013)).  Plaintiffs state that the complaint alleges that "Defendants colluded to take private land patented freehold property with a fraudulent security

instrument forcing Plaintiffs mental anguish and distress." *Id.* (quoting Docket No. 1 at 4).

The Court finds that the magistrate judge correctly concluded that plaintiffs failed to plausibly allege the state action requirement for the Fourth and Fifth Amendment claims against Matrix, Roundpoint, MERS, Mr. Toebben, and Ms. Dall. "Under Section 1983, liability attaches only to conduct occurring 'under color of law.' Thus, under the state action doctrine, a proper defendant in a § 1983 action is one who represents the state in some capacity." *Schwab v. Kansas Dep't of Child. & Fams.*, 851 F. App'x 110, 117 (10th Cir. 2021) (unpublished) (citations omitted). However, a private actor may be considered a state actor under the "joint action" test if the "state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights." *Wittner*, 720 F.3d at 777 (quoting *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1453 (10th Cir. 1995)). However, the "pleadings must specifically present facts tending to show agreement and concerted action." *Sigmon v. CommunityCare HMO, Inc.*, 234 F.3d 1121, 1126 (10th Cir. 2000) (citation omitted). "[A]ction taken by private entities with the mere approval or acquiescence of the State is not state action." *Wittner*, 720 F.3d at 777 (quoting *Sullivan*, 526 U.S. at 52). "[W]hen a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient." *Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994) (citation omitted). Furthermore, a "private individual does not engage in state action simply by availing herself of a state procedure." *Scott*, 216 F.3d at 906.

The complaint alleges that defendants "colluded to take [plaintiffs'] private land." Docket No. 1 at 4. The complaint presents no specific "facts tending to show agreement and concerted action" between state officials and the private parties. *See Sigmon*, 234 F.3d at 1126. Plaintiffs' conclusory allegations about a "conspiracy" with "no supporting factual averments are [therefore] insufficient" to establish the state action requirement. *See Hunt*, 17 F.3d at 1268 (dismissing § 1983 claim where the complaint contained no allegations establishing "an agreement or meeting of the minds" between the private parties and state actors); *see also Hackford v. Babbitt*, 14 F.3d 1457, 1465 (10th Cir. 1994) (noting that a court is "not bound by conclusory allegations"). Accordingly, the Court overrules the sixth objection.

## G. Objection Seven

Plaintiffs argue that Judge Dominguez Braswell incorrectly concluded that Judge Kane is entitled to absolute immunity. Docket No. 41 at 12. Plaintiffs assert that

> [a]n officer who acts in violation of the Constitution ceases to represent the government. [citing *U.S. ex rel. Brookfield Const. Co. v. Stewart*, 234 F. Supp. 94, 99 (D.D.C. 1964), *aff'd*, 339 F.2d 753 (D.C. Cir. 1964)]. If they do anything unconstitutional, they cease to represent the government, and immediately move from their public capacity to their private capacity. All attacks using statute is an operation in the private. Defendant Thomas K. Kane's actions violated the Constitutional rights for due process and therefore is not immune. Supreme Court ruled that acting in private capacity does not provide immunity. [citing *Trump v. United States*, 144 S. Ct. 2312, 2347 (2024)].

*Id*.

The Court agrees with Judge Dominguez Braswell's recommendation that Judge Kane is entitled to absolute immunity for any individual capacity claims. "The Supreme Court of the United States has long held that judges are generally immune from suits for money damages." *Stein v. Disciplinary Bd. of Supreme Ct. of N.M.*, 520 F.3d 1183,

1195 (10th Cir. 2008) (citing *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991)).  Judicial immunity is overcome only where (1) the actions in question were not taken in the judge's "judicial capacity," or (2) where the actions in question were taken in the "complete absence of all jurisdiction."  *Id*. (citation omitted).  Whether "an act by a judge is a 'judicial' one relates to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity."  *Mireles*, 502 U.S. at 12 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978) (internal alterations omitted)).  A "judge does not act in the clear absence of all jurisdiction even if the action he took was in error, was done maliciously, or was in excess of his authority."  *Moss v. Kopp*, 559 F.3d 1155, 1163 (10th Cir. 2009).

Here, the complaint alleges that Judge Kane violated plaintiffs' constitutional rights by signing a "fraudulent order," setting "an unconsented hearing" for August 31, 2023, and ignoring "data provided to the court regarding fraud" in Case No. 2023CV31029.  Docket No. 1 at 5.  The allegations against Judge Kane arise out of his judicial duties in handling the foreclosure action.  *See id*.  Overseeing a "foreclosure action and authorizing the sale of . . . property" constitutes "judicial acts that are normally performed by a judge acting in his judicial capacity."  *Brackhahn v. Eder*, No. 13-cv-00141-CMA-KMT, 2013 WL 2394980, at *5 (D. Colo. May 31, 2013).  Furthermore, the complaint does not allege, and cannot be reasonably read, to suggest that Judge Kane's actions were in the clear absence of all jurisdiction.  *See Moss*, 559 F.3d at 1163.  As a result, Judge Kane is entitled to absolute immunity on the Fourth

and Fifth Amendment individual capacity claims.  The Court therefore overrules

plaintiffs' seventh objection.[5]

### H. Objection Eight

Plaintiffs argue that Judge Dominguez Braswell is "denying" plaintiffs' right to a

"Trial by Jury."  Docket No. 41 at 5.  Plaintiffs state that they have "a right to present

evidence . . . to a Jury of Peers as afforded by the Constitution."  *Id*. at 8.  The Court

construes this objection as arguing that plaintiffs' case cannot be dismissed at the

pleading stage because plaintiffs are entitled to a jury trial under the Seventh

Amendment.  "The Tenth Circuit has repeatedly held, however, that judges can dismiss

a case at the pleading stage or at the summary judgment stage without violating the

Seventh Amendment right to a jury trial."  *Harris v. City of Aurora*, No. 21-cv-02080-

PAB-KLM, 2023 WL 2534859, at *2 (D. Colo. Mar. 16, 2023) (citing *Sutton v. Leeuwen*,

708 F. App'x 514, 517 (10th Cir. 2017) (unpublished) (citing *Shannon v. Graves*, 257

F.3d 1164, 1167 (10th Cir. 2001)); *Smith v. Kitchen*, 156 F.3d 1025, 1029 (10th Cir.

1997) ("The district court's dismissal of Smith's complaint under Rule 12(b)(6) did not

---

[5] To the extent that plaintiffs' seventh objection argues that the Supreme Court's decision in *Trump* alters the judicial immunity analysis, the Court disagrees.  In *Trump*, the Supreme Court "consider[ed] the scope of a President's immunity from criminal prosecution."  *Trump*, 144 S. Ct. at 2324.  The Court found that there is "no immunity" for a "President's unofficial acts."  *Id*. at 2332.  However, a "President . . . may not be prosecuted for exercising his core constitutional powers, and he is entitled, at a minimum, to a presumptive immunity from prosecution for all his official acts."  *Id*. at 2347.  That case did not consider absolute immunity for judges in actions arising under 42 U.S.C. § 1983.  *See id*.  As the Tenth Circuit has recognized, the "Supreme Court of the United States has long held that judges are generally immune from suits for money damages."  *Stein*, 520 F.3d at 1195 (citing *Mireles*, 502 U.S. at 9-10); *see also Dennis v. Sparks*, 449 U.S. 24, 27 (1980) (noting that the Supreme Court "has consistently adhered to the rule that judges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities" (internal quotations and citations omitted)).

violate Smith's right to a jury trial under the Seventh Amendment: When Smith failed to plead any facts that would overcome the defendants' complete defenses, there were no facts to be 'tried' by a jury.")).  Dismissal of plaintiffs' complaint at the pleading stage does not violate plaintiffs' right to a jury trial.  *See Sutton*, 708 F. App'x at 517.  Accordingly, the Court overrules plaintiffs' eighth objection.

## I.  Objection Nine

Plaintiffs object to the magistrate judge's recommendation to dismiss certain claims with prejudice.  Docket No. 41 at 8.  The magistrate judge recommends dismissing with prejudice the claims against Mr. Broerman, Mr. Toebben, Ms. Dall, Matrix, Roundpoint, and MERS.  Docket No. 38 at 16.  The magistrate judge explained that

> [t]hough the Court would ordinarily recommend the dismissal of certain of these claims without prejudice, Plaintiffs have caused Defendants and the court significant time and resources on what appear to be entirely meritless claims about a foreclosure action that has long been resolved in state court.  *See Avery v. Wade*, 2022 WL 17544077, at *2 (10th Cir. Dec. 9, 2022) (finding that the district court "didn't abuse its discretion in dismissing [the plaintiff's] claims with prejudice" because he raised "indisputably meritless legal theor[ies]." (quoting *Northington v. Jackson*, 973 F.2d 1518, 1520 (10th Cir. 1992)).

*Id*. at 16 n.6.

Plaintiffs argue that this portion of the "recommendation is general and not based on law but based on false misrepresentation and opinions."  Docket No. 41 at 8 (emphasis omitted).  Plaintiffs state that the magistrate judge "has not provided any feedback until August 23, 2024, regarding this cause nor have the Defendants filed anything since replying to objections."  *Id*. at 9.  Plaintiffs' ninth objection is not specific because it provides no explanation why the legal conclusion in the recommendation is erroneous.  *See One Parcel*, 73 F.3d at 1059.  The Court agrees with the magistrate

judge's conclusion to dismiss these claims with prejudice.  *See Avery*, 2022 WL 17544077, at *2 (noting that a district court may dismiss a pro se complaint with prejudice if the complaint "relies on an indisputably meritless legal theory").  The Court therefore overrules the ninth objection.

### J.  Non-Objected to Portions of the Recommendation

The Court has reviewed the rest of the recommendation to satisfy itself that there are "no clear error[s] on the face of the record."  *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, the Court has concluded that the recommendation is a correct application of the facts and the law.

### IV. CONCLUSION

It is therefore

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 38] is **ACCEPTED**.  It is further

**ORDERED** that Plaintiffs Objection to Order and Recommendations of United States Magistrate Judge by Affidavit of Truth and Fact [Docket No. 41] is **OVERRULED**. It is further

**ORDERED** that the Motion to Dismiss Complaint [Docket No. 9] is **GRANTED in part**.  It is further

**ORDERED** that the Motion to Dismiss Defendants Scott D. Toebben and Aricyn Dall [Docket No. 18] is **GRANTED**.  It is further

**ORDERED** that Defendant Broerman's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) [Docket No. 27] is **GRANTED**.  It is further

ORDERED that Kane's Motion to Dismiss [Docket No. 32] is **GRANTED**.  It is further

ORDERED that plaintiffs' Fourth and Fifth Amendment claims against Judge Kane are **DISMISSED without prejudice**.  It is further

ORDERED that all other claims are **DISMISSED with prejudice**.  It is further

ORDERED that Matrix, Roundpoint, and MERS' request for attorneys' fees is **DENIED without prejudice**.  It is further

ORDERED that this case is closed.


DATED September 10, 2024.


BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge